UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                        Case No. 19-20270

D-1 Reuben Malcolm Thomas,         Sean F. Cox
                                                    United States District Court Judge

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

On April 24, 2019, Magistrate Judge R. Steven Whalen ordered Defendant Rueben Malcolm Thomas released pending trial. The Government immediately appealed to the presiding district court judge, the Honorable Paul Borman, who ordered Thomas detained pending trial. The matter is currently before the Court on Thomas's motion to revoke Judge Borman's detention order. For the reasons below, the Court concludes that the Government has established, by clear and convincing evidence, that there is no condition or combination of conditions that will reasonably assure Thomas's appearance or the safety of the community. Accordingly, the Court will deny Thomas's motion.

### BACKGROUND

On April 17, 2019, Thomas was charged in a criminal complaint with various drugs crimes. Judge Whalen held a detention hearing on April 24, 2019. After the hearing, Judge Whalen found that Thomas had rebutted the presumption of detention and released him on a $10,000 unsecured bond, with special conditions. On the Government's request, Judge Whalen stayed his release order

1

so that it could appeal.

The Government immediately appealed to Judge Borman, who was the presiding judge that week. Judge Borman continued Judge Whalen's stay until the next day. On April 25, 2019, Judge Borman held a detention hearing, after which he found, by clear and convincing evidence, that not set of conditions could reasonably assure the safety of the community. Judge Borman ordered Thomas detained pending trial.

Thereafter, a grand jury indicted Thomas for (1) four counts of distribution of a controlled substance (cocaine), (2) four counts of distribution of a controlled substance (cocaine), aiding and abetting, (3) possession with intent to distribute a controlled substance. (ECF No. 30)

On June 6, 2019, Thomas moved to revoke Judge Borman's detention order. (ECF No. 49). The Government has filed a brief in opposition. (ECF No. 50). The Court heard oral arguments on this issue on July 1, 2019.

**ANALYSIS**

The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).

Pursuant to the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial only if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The default position of the law is to release the defendant pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, 18 U.S.C. § 3142(e) reverses that default position for certain, particularly dangerous, defendants. *Id.* Federal law creates a rebuttable presumption in favor of detention when a judge finds probable cause to believe that a defendant

2

committed one of the crimes listed in 18 U.S.C. § 3142(e)(3).

The parties agree that this is a presumption case.

Section 3142(e)(3)'s presumption in favor of detention imposes a burden of production on the defendant. *See Stone*, 608 F.3d at 945. The defendant's burden of production is not heavy. *Id.* Nevertheless, the defendant must produce evidence to rebut the statutory presumption in favor of detention. *Id.* Even when a defendant satisfies the burden of production, "the presumption favoring detention does not disappear." *Id.* Instead, the presumption favoring detention remains as a factor to be considered among those weighed by the district court." *Id.*

In addition to weighing the effect of a statutory presumption in favor of detention, the Court shall also consider the following factors: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Government maintains the burden of persuasion. The Government must prove the risk of flight by a preponderance of the evidence and dangerousness to the community by clear and convincing evidence. 18 U.S.C. § 3142(f).

### *Nature and Circumstances of the Charge*:

The charged offenses are serious. The Government has proffered evidence that Thomas is a leader of a large drug trafficking organization, which distributed a large quantity of drugs and brought in a large quantity of money. Thus, this factor weighs in favor of detention.

### *Defendant's History and Characteristics*:

3

Thomas has a troubling criminal history. In 2004, Thomas was convicted of a felony for resisting a police officer. During that offense, he also used a fake name and verbally abused the officers. He was sentenced to 90 days in jail and 18 months on probation. He violated that probation, and, on three separate occasions, failed to appear in court for show-cause hearings related to his probation violations. In 2013, Thomas was convicted of carrying a concealed weapon. In connection with that offense, he failed to appear at two separate pretrial conferences, which resulted in the revocation of his bond.

At the time of his arrest in the current action, Thomas had an outstanding warrant from a state court for failure to appear.

Thomas has no established residence; when he was arrested, he had been alternating between penthouse suites at two Detroit casinos. Thomas has no verifiable income, and reported that he has been homeless for past two years and jobless for the past six years. Thomas has some family in the area, but appears to not have a relationship with most of them. Thomas has a history of substance abuse, including the use of controlled substances and consuming "one to two fifths" of liquor daily.

Thomas's criminal history—including crimes that show a patent disrespect for the legal system, and a lengthy history of non-appearance at court proceedings—coupled with his lack of a stable residence or employment, indicate that he has a substantial risk of nonappearance and that he poses some danger to the community. Thus, this factor favors detention.

***Weight of the Evidence Against Defendant*:**

The weight of the evidence of Thomas's dangerousness to the community is substantial. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). When he was arrested, he was found with a

large amount of cocaine and hundreds of illegal pills. Documents seized from his hotel room, including a ledger and texts from his cell phones, indicate that Thomas was at the head of a large-scale, coordinated drug operation, the operation of which substantially endangers the community. Thus, this factor favors detention

*Nature and Seriousness of the Danger Posed by Defendant's Release*:

Finally, the Court concludes that Thomas's release would pose a serious danger to the community. As detailed above, he has been connected to a large drug trafficking organization. Thus, this factor favors detention.

## CONCLUSION

Weighing these factors, and considering the other evidence and arguments presented at the hearing on this motion, the Court concludes that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community or Thomas's appearance. Thus, the Court **DENIES** the motion for revocation of the detention order.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 2, 2019